An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF GEORGE E. CROMER, BAR NO. 183.

No. 62089

FILED

FEB 22 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING PANEL'S RECOMMENDATION AND GRANTING MOTION

This petition by bar counsel is filed pursuant to SCR 111(4) regarding attorney George E. Cromer. Cromer has been licensed to practice law in Nevada since 1985. The petition is supported by documentation indicating that on August 3, 2012, in Larimer County Court, Larimer County-Loveland, Colorado, Cromer entered a plea of nolo contendere to a charge of driving while ability impaired, a misdemeanor.[1] Cromer self-reported his conviction to the state bar pursuant to SCR 111(2).

---

[1]The documentation submitted to this court indicates that the terms of Cromer's plea are as follows: Cromer was assessed fines and costs in the amount of $770.50; Cromer was sentenced to 12 months of supervised probation; Cromer must complete the Victim Impact Panel within 120 days; Cromer must remain law abiding with no alcohol, drugs, or medical marijuana; Cromer's abstention from alcohol and drugs will be monitored with testing during the probationary period; Cromer must complete 48 hours of community service within 180 days; the requirement that Cromer complete an alcohol and drug evaluation was waived because Cromer completed a 30-day inpatient treatment program and is attending an outpatient treatment program.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05695

The petition is further supported by documentation indicating that, pursuant to SCR 111(4), bar counsel investigated this matter and, during the course of the investigation, Cromer divulged that he was arrested on suspicion of DUI in late 1997 or early 1998, but the charge was reduced to reckless driving. Cromer indicated he did not recall all the facts and circumstances surrounding that incident.

This matter was presented to a screening panel of the Southern Nevada Disciplinary Board with a recommendation that Cromer be placed in a diversion program pursuant to SCR 105.5 for a period of one year, subject to the conditions that Cromer continue to comply with the conditions of his probation in Colorado, that he submit to bar counsel quarterly sworn reports attesting that he has continued to so abide, and that he provide the results of any random testing he has been subjected to as part of his probation. The petition is supported by documentation indicating that the screening panel unanimously agreed to the diversion program and terms recommended by bar counsel, and that as a result, Cromer and bar counsel entered into a diversion agreement.

Having reviewed the petition and the panel's recommendation, we hereby approve the recommendation that Cromer be placed in the diversion program for one year, subject to conditions. SCR 111(4), (9). We decline to impose a temporary suspension at this time. SCR 111(9).

Bar counsel has filed a motion to seal the diversion program consent agreement and has attached the agreement as exhibit 4 to the petition. Cause appearing, we grant the motion. We direct the clerk of

this court to detach the diversion program consent agreement from the petition and file it separately, under seal, in this matter.

It is so ORDERED

_____, C.J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    David A. Clark, Bar Counsel
       Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       George E. Cromer